## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 13-11697-RLM |
| Mt. Laurel Lodging Associates, LLP, | ) | |
| | ) | Hon. Robyn L. Moberly |
| Debtor. | ) | |
| | ) | |
| | ) | |
| Mt. Laurel Lodging Associates, LLP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary No. _____ |
| | ) | |
| The National Republic Bank of Chicago, | ) | |
| | ) | |
| Defendants. | ) | |

### COMPLAINT

Mt. Laurel Lodging Associates, LLP ("Debtor"), by its undersigned counsel, brings this adversary proceeding against The National Republic Bank of Chicago ("NRB") for conversion of property and, in support thereof, states as follows:

### PARTIES

1.  Debtor is a limited liability partnership organized under the laws of the State of Indiana and is a debtor-in-possession in the above captioned chapter 11 bankruptcy case pending in the United States Bankruptcy Court for the Southern District of Indiana (this "Court").

2.  NRB is a national bank, which maintains its headquarters in Chicago, Illinois.

### JURISDICTIONAL ALLEGATIONS

3.  This Court has jurisdiction pursuant to 28 U.S.C. § 1334(b) because this Adversary Proceeding arises in or under, and is related to, Debtor's above-captioned chapter 11 bankruptcy case pending in this Court.

91004-0040/LEGAL28290118.6

4. This Adversary Proceeding constitutes a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (E).

5. Venue is proper pursuant to 28 U.S.C. § 1409.

## BACKGROUND

6. On November 4, 2013 (the "Petition Date"), Debtor filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code in this Court.

7. Debtor continues to operate its business and manage its assets as a debtor-in-possession.

**A.    NRB's Loan To Debtor**

8. On October 25, 2007, Debtor obtained a loan (the "Loan") from NRB in the original principal amount of $15,000,000 to build what is now known as the Hilton Garden Inn hotel located at 4000 Atrium Way, Mt. Laurel, New Jersey (the "Hotel").

9. In connection with the Loan, Debtor executed, among other documents, (a) that certain Promissory Note (Fixed) dated as of October 25, 2007, (b) that certain Construction Loan Agreement dated as of October 25, 2007, (c) that certain Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing dated as of October 25, 2007, and (d) that certain Security Agreement dated as of October 25, 2007 (together with all other documents which evidence, secure, or relate to the Loan, the "Loan Documents").

10. From January, 2009 through October, 2011, the Loan Documents were amended six times, pursuant to which, among other things, the principal amount of the Loan was increased to $19,900,000.

**B.    NRB's Loan To Sterling Key Lodging Associates, LLP And Its Use Of Debtor's Loan Proceeds To Pay Sterling Key Lodging Associates, LLP's Loan**

11.    From at least November, 2009 through at least August, 2011, NRB was a lender to Sterling Key Lodging Associates, LLP ("Sterling").  NRB internally identified its loan to Sterling as Loan No. 5015000 (the "Sterling Loan").

12.    On November 24, 2009, NRB advanced to itself $5,493.38 of Debtor's unallocated and undisbursed Loan proceeds and applied such Loan proceeds to pay the Sterling Loan.

13.    On December 23, 2009, NRB advanced to itself $5,493.38 of Debtor's unallocated and undisbursed Loan proceeds and applied such Loan proceeds to pay the Sterling Loan.

14.    On August 25, 2011, NRB advanced to itself $1,189.26 of Debtor's unallocated and undisbursed Loan proceeds and applied such Loan proceeds to pay the Sterling Loan.

**C.    NRB's Loan To Norcross Lodging Associates, LLP And Its Use Of Debtor's Loan Proceeds To Pay Norcross Lodging Associates, LLP's Loan**

15.    From at least November, 2009 through at least June, 2011, NRB was a lender to Norcross Lodging Associates, LLP ("Norcross").  NRB internally identified its loan to Norcross as Loan No. 5639000 (the "Norcross Loan").

16.    On November 24, 2009, NRB advanced to itself $18,352.08 of Debtor's unallocated and undisbursed Loan proceeds and applied such Loan proceeds to pay the Norcross Loan.

17.    On December 23, 2009, NRB advanced to itself $18,352.08 of Debtor's unallocated and undistributed Loan proceeds and applied such Loan proceeds to pay the Norcross Loan.

18. On June 30, 2011, NRB advanced to itself $20,779.39 of Debtor's unallocated and undisbursed Loan proceeds and applied such Loan proceeds to pay the Norcross Loan.

**D. NRB's Loan To Orlando Lodging Associates, LLP And Its Use Of Debtor's Loan Proceeds To Pay Orlando Lodging Associates, LLP's Loan**

19. During November, 2009, NRB was a lender to Orlando Lodging Associates, LLP ("Orlando"). NRB internally identified its loan to Orlando as Loan No. 5932000 (the "Orlando Loan").

20. On November 24, 2009, NRB advanced to itself $36,933.23 of Debtor's unallocated and undisbursed Loan proceeds and applied such Loan proceeds to pay the Orlando Loan.

21. On December 23, 2009, NRB advanced to itself $36,553.71 of Debtor's unallocated and undisbursed Loan proceeds and applied such Loan proceeds to pay the Orlando Loan.

## COUNT I
### (Conversion)

22. Debtor incorporates herein by reference the allegations contained in paragraphs 1 through 21 of this Adversary Proceeding.

23. NRB knowingly and intentionally exerted control over $143,146.51 of Debtor's unallocated and undisbursed Loan proceeds (the "Undisbursed Loan Proceeds") and used and applied such Loan proceeds to pay the Sterling Loan ($12,176.02), the Norcross Loan ($57,483.55) and the Orlando Loan ($73,486.94).

24. Debtor did not obtain any benefit from NRB's use of the Undisbursed Loan Proceeds to pay the Sterling Loan, the Norcross Loan or the Orlando Loan.

25. Debtor was damaged by NRB's use of the Undisbursed Loan Proceeds to pay the Sterling Loan, the Norcross Loan and the Orlando Loan because the outstanding balance of

Debtor's Loan was increased by the amount of the Undisbursed Loan Proceeds, thereby also increasing interest owed to NRB.

26. Debtor did not authorize NRB to use any of the Undisbursed Loan Proceeds to pay the Sterling Loan, the Norcross Loan or the Orlando Loan.

27. Debtor did not have any knowledge of NRB's use of the Undisbursed Loan Proceeds to pay the Sterling Loan, the Norcross Loan or the Orlando Loan at the time such payments were made.

28. Debtor's principals have never held an ownership interest in Sterling. Debtor's Principals previously owned Norcross, but sold their interests in August, 2008.

29. The manager of Debtor's Hotel, Sun Development & Management, Inc. ("Sun"), was not the manager of any hotels owned by Sterling and was not the manager of any hotels owned by Norcross after August, 2008.

30. NRB was aware at the time of its conversion of the Undisbursed Loan Proceeds that neither Debtor, nor any of its principals, affiliates or subsidiaries, had any interest in Norcross or Sterling or the hotels owned by those entities.

31. Prior to the Petition Date, Debtor's counsel made written demands to NRB's counsel for the return of the Undisbursed Loan Proceeds to Debtor. Debtor's counsel never received a response to such demands.

32. NRB's unauthorized and improper use of the Undisbursed Loan Proceeds to pay the Sterling Loan, the Norcross Loan and the Orlando Loan are the only such transactions of which Debtor is currently aware. Debtor reserves the right to amend this Complaint to allege additional improper transfers made by NRB if Debtor's continuing internal audit reveals any.

33.     Debtor is entitled to treble damages from NRB as a result of its conversion of the Undisbursed Loan Proceeds.  *See* Ind. Code § 34-24-3-1.

WHEREFORE, Debtor respectfully requests the entry of a judgment (a) against NRB in the amount of $143,146.51, plus reasonable attorneys' fees and costs of this action, (b) against NRB in an amount three times Debtor's actual damages to be proven at trial, plus reasonable attorneys' fees and costs of this action, and (c) granting Debtor such other and further relief the Court deems just and proper.

Dated: November 6, 2013                    **MT. LAUREL LODGING ASSOCIATES, LLP**

By:     */s/ David M. Neff*
        Michael P. O'Neil
        TAFT STETTINIUS & HOLLISTER LLP
        One Indiana Square, Suite 3500
        Indianapolis, Indiana 46204-2023
        Telephone: (317) 713-3500
        Facsimile: (317) 713-3699
        moneil@taftlaw.com

        -and-

        David M. Neff
        Brian A. Audette
        David J. Gold
        PERKINS COIE LLP
        131 S. Dearborn Street, Suite 1700
        Chicago, Illinois 60603-5559
        Telephone:  (312) 324-8400
        Facsimile:  (312) 324-9400
        dneff@perkinscoie.com
        baudette@perkinscoie.com
        dgold@perkinscoie.com

*Proposed Attorneys for Debtor*